IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HUGUETTE NICOLE YOUNG,

    Plaintiff,

v.                                                                                          No. 2:20-cv-00789-WJ/SMV

HECTOR BALDERAS,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's failure to comply with the Court's Order to Cure Deficiency, Doc. 9, filed September 18, 2020.

Plaintiff filed a motion to proceed *in forma pauperis* which: (i) stated "I cannot afford an attorney;" (ii) did not provide any information regarding her income, expenses, or assets; (iii) requested that the filing fee be reduced to $100.00 and that the "$100 filing fee be waived post haste given the gravity and urgency of the situation;" and (iv) asserted that "the court has no right to request such highly sensitive financial information about litigants who are requesting fee waivers." Doc. 2, filed August 5, 2020 ("Motion to Proceed *in forma pauperis*").

The Magistrate Judge determined that Plaintiff's Motion to Proceed *in forma pauperis* was deficient because it did not include an affidavit including a statement of all of her assets as required under 28 U.S.C. § 1915(a)(1). *See* Order to Cure Deficiency, Doc. 4, filed August 12, 2020. After explaining the deficiency in Plaintiff's Motion to Proceed *in forma pauperis*, the Magistrate Judge ordered Plaintiff to either pay the filing fee or file an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)."

Instead of complying with the Magistrate Judge's Order to Cure Deficiency, Plaintiff filed a motion asking "the court to assign a district judge to this case and to have a district judge render a lawful decision on Plaintiff's constitutional challenge to the $400 filing fee … because the $400 filing fee violates plaintiff's First Amendment right to challenge the constitutionality of state laws."  Doc. 7 at 3, filed September 2, 2020.

The undersigned denied Plaintiff's request to reduce and waive the filing fee because the requirement to pay the filing fee and the amount of the filing fee are established by federal statute, ordered Plaintiff to either pay the filing fee or file a completed "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)," and notified Plaintiff that failure to timely pay the fee or file an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" will result in dismissal of this case without prejudice.  Order to Cure Deficiency at 3.  The Court dismisses this case because Plaintiff did not pay the fee or file an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" by the October 9, 2020, deadline.

Because it is dismissing this case, the Court denies Plaintiff's Motion for a Speedy Hearing pursuant to Fed. R. Civ. P. 57, which allows the Court to order a speedy hearing of a declaratory-judgment action, as moot.

**IT IS ORDERED** that:

(i)   This case is **DISMISSED without prejudice.**

(ii)  Plaintiff's Motion for a Speedy Hearing Under Rule 57 of Fed. R. Civ. P., Doc. 12, filed October 9, 2020, is **DENIED as moot.**

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**